IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: THERESA ELIZABETH OLIVER<br>aka THERESA E. CORRELL<br>aka THERESA E. LONG<br>Debtor | : CHAPTER 13<br>:<br>:<br>:<br>: |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>Objectant | :<br>:<br>:<br>: |
| vs. | : CASE NO. 1:19-bk-02513-HWV<br>: |
| GARY J. IMBLUM, ESQUIRE<br>Applicant | : OBJECTION TO APPLICATION<br>: FOR ATTORNEY FEES |

**TRUSTEE'S OBJECTION TO SIXTH**
**APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 7th day of October, 2022, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Sixth Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on September 16, 2022 and states as follows:

**Facts**

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On June 10, 2019, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

3. On September 16, 2022, Applicant filed his Sixth Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 84).

4. The District has determined that $4,500.00 is a presumptively reasonable fee for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

1

5. The debtor in the present case is a below median debtor with a commitment period that has been extended to 84 months.

6. Applicant's Sixth Fee Application requests $4,631.35 in compensation and reimbursement of expenses. (ECF No. 84).

7. Prior to the most recent fee request, Applicant has submitted five fee applications and been granted compensation and reimbursement of expenses in the amount of approximately $14,670.17. (ECF No. 31, 39, 49, 53, 58).

8. Additionally, Applicant received a retainer in the amount of $1,526 paid direct at the beginning of the case which would bring their total fees should the Sixth Fee Application be granted to approximately $20,827.52.

## Applicable Law

9. Under Bankruptcy Rule 2017(b), the Court "may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive . . .." Fed. R. Bankr. P. 2017(b). "Excessive attorney's fees should not be awarded where such award contravenes the purposes of Chapter 13." *In re Tcherneva*, 638 B.R. 676 (Bankr. E.D.N.Y. 2022).

10. The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995). "When the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *In re Parilla*, 530 B.R. 1, 13 (Bankr. D.P.R. 2015) (quoting *In re Thorn*, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984).

2

11. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

12. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows reasonable fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

13. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

14. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

15. The Court must conduct an objective inquiry based upon what services a reasonable lawyer or law firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, bounded on an understanding

3

of the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d at 854). When making its consideration, the Court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *See*, e.g., *In re Maruko, Inc.*, 160 B.R. 633, 642 (Bankr. S.D. Cal. 1993). Since "its time is precious, the reviewing Court need only correct reasonable discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-845.

16. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

17. Under § 1325(a)(6), a debtor must be able to make all payments under the plan and comply with the plan. Moreover, LR 2016-2(a) states that "After the petition is filed, an attorney may not receive payment of fees except through the chapter 13 plan, unless payment is otherwise approved by the Court."

### Analysis and Facts Specific to the Present Fee Application

18. The Trustee avers that the number of fee applications submitted thus far, in combination with the fees charged relative to the complexity of the case, are excessive. There do not appear to have been any issues presented in the case that were otherwise unique or beyond the ordinary administration of the case that would warrant compensation and expenses in the amount of $20,827.52 where the case has approximately 45 months remaining.

4

19. The Trustee further avers, the Sixth Fee Application is not reasonable for the following reasons:

    a. The Fee Application includes charges that are clerical in nature and should not be charged other than as overhead:

        1) On November 22, 2021 Paralegal charged .1 hours for "E-filing of 5th Fee Application with Exhibits, Notice, proposed Order and Certificate of Service" which is clerical in nature and should not be charged.

        2) On February 11, 2022 Paralegal charged .1 hours for "E-filing of Response to Motion for Relief Re: Freedom Mortgage Corporation" which is clerical in nature and should not have been charged.

        3) On February 18, 2022 Paralegal charged .1 hours for "E-filing of Motion to Modify Plan with 4th Amended Plan, Notice, proposed Order and Certificate of Service." This task is clerical in nature.

        4) On August 4, 2022 Paralegal charged .1 hours for "E-filing of Motion to Modify Plan with 5th Amended Plan, Notice, proposed Order and Certificate of Service. Also, on August 4, 2022 Paralegal charged .1 hours for "E-filing of Motion to Authorize Wage Attachment for Trustee Payments." Then on August 4, 2022 Paralegal charged .1 hours for "E-filing of Amendment to Schedules I & J." These services are clerical in nature and should not have been charged other than as overhead.

    b. The Fee Application includes charges that are excessive and therefore not allowed under § 330(a):

1) On January 3, 2022 Applicant charged .1 hours in the amount of $29.50 for "Review of Order approving 5th Fee Application; Memo to file" which is excessive for the task performed and likely could have been delegated.

2) On February 6, 2022 Applicant charged .1 hours for "Review of Motion to Dismiss" which is excessive relative to the complexity of the task. Also on February 6, 2022 Applicant charged .1 hours for "Review of cancellation of 2/9/22 Motion to Dismiss hearing" which is excessive for the task performed and duplicative.

20. Finally, the last paragraph of Applicant's proposed order to grant the Sixth Fee Application violates both § 1325(a)(6) and LR 2016-2(d). Said paragraph reads as follows:

> Debtor's counsel agrees that the Chapter 13 Trustee need only pay the portion of the approved Attorney's fees and costs which will not result in the Plan being underfunded. *As to the remaining Attorney's fees and costs approved by this order, if Debtor does not amend her Plan in the future to provide for payment of same through the Chapter 13 Trustee, Debtor's counsel will offer Debtor a reasonable payment plan for payment of same.*

ECF No. 84-6 (emphasis added).

21. Although the fees in the present case do not appear to underfund the plan, this language in the proposed order would require the Debtor to pay the Applicant's fees outside the plan through the use of a payment plan offered by the Applicant in the event the plan were not amended to allow for the Applicant's fees. The payment of the fees through the plan is then conditioned on whether or not an amended plan is filed, and any additional fees would then still be granted regardless whether or not the plan is funded to support the fees. Such a provision runs contrary to § 1325(a)(6), and LR 2016-2(a) which provide the debtor must be able to make all payments in the plan, and comply with the plan, unless otherwise approved by the court.

6

22. Accordingly, any language allowing for payment of fees outside of the plan should be excluded from the proposed order.

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

        Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:   /s/ Douglas R. Roeder
       Attorney for Trustee

7

Case 1:19-bk-02513-HWV    Doc 86    Filed 10/07/22    Entered 10/07/22 11:06:14    Desc
Main Document    Page 7 of 8

# CERTIFICATE OF SERVICE

AND NOW, this 7th day of October, 2022, I, Elizabeth Fitzgerald, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Gary J. Imblum, Esquire
4615 Derry St.
Harrisburg, PA 17111
gary.imblum@imblumlaw.com

/s/Elizabeth Fitzgerald
Paralegal for Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

8