IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
THERESA ELIZABETH OLIVER : CASE NO. 1:19-bk-02513-HWV
    Debtor :
 : CHAPTER 13

**DEBTOR'S RESPONSE TO MOTION OF UNITED STATES TRUSTEE
FOR REVIEW OF PROFESSIONAL FEES OF DEBTOR'S COUNSEL**

**AND NOW,** comes Debtor, Theresa Elizabeth Oliver, by and through her attorney, Gary J. Imblum, and respectfully responds as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted in part and denied in part. The allegations of paragraph 9 are conclusions of law to which no response is required.

10. Admitted in part and denied in part. The allegations of paragraph 10 are conclusions of law to which no response is required.

11. Admitted in part and denied in part. The allegations of paragraph 11 are conclusions of law to which no response is required.

12. Admitted in part and denied in part. The allegations of paragraph 12 are conclusions of law to which no response is required.

13. Admitted in part and denied in part. The allegations of paragraph 13 are conclusions of law to which no response is required.

14. Admitted in part and denied in part. The allegations of paragraph 14 are conclusions of law to which no response is required.

15. Admitted in part and denied in part. The allegations of paragraph 15 are conclusions of law to which no response is required.

16. Admitted in part and denied in part. The allegations of paragraph 16 are conclusions of law to which no response is required.

17. Admitted in part and denied in part. The allegations of paragraph 17 are conclusions of law to which no response is required.

18.    a.    Admitted.

       b.    Admitted.

       c.    Admitted in part and denied in part. The amount received by Debtor's counsel includes the retainer paid directly by the Debtor to counsel.

       d.    Admitted in part and denied in part. It is admitted that Debtor could not make her Plan payments, primarily due to the fact that her non-filing spouse was not employed and was unable to contribute to the household income as he had anticipated. There were efforts behind the scenes for Debtor to reorganize which do not appear on the Docket. Those efforts are as follows:

          1.    Debtor was working on obtaining a loan modification from August through December 2020. This was delayed since the mortgage company kept requesting documents that were previously provided;

          2.    Beginning in February 2022, Debtor was working on an application for a grant with PAHAF. Authorization from the Chapter 13 Trustee

was requested on May 11, 2022. The authorization was received from the Chapter 13 Trustee on June 7, 2022. The application was approved in August of 2022. However, at that time the federal household assistance was capped at $30,000.00 per household and Debtor's arrearage exceeded that amount. See Exhibit "1";

3. On September 20, 2022, Debtor requested that PAHAF approval that remainder of the arrears over $30,000.00 would be paid through the Chapter 13 Trustee. See Exhibit "2". PAHAF denied this request on September 20, 2022;

4. Debtor then applied for a loan modification with Freedom Mortgage. The application was completed as of October 11, 2022. See Exhibit "3";

5. Debtor was informed on December 5, 2022 that the loan modification was denied. See Exhibit "4";

6. Around this point in time, PAHAF increased their limits on the amount of their grants to $50,000.00. Accordingly, Debtor once again applied with PAHAF for a grant;

7. Authorization from the Chapter 13 Trustee to participate in this program was obtained on March 22, 2023. See Exhibit "5";

8. On March, 22, 2023, Debtor obtained a reinstatement statement from Freedom Mortgage. At the time the reinstatement amount was $49,140.20. See Exhibit "6";

9. On or about May 1, 2023, Debtor received notice from PAHAF that the mortgage balance was now $59,017.63 and that they can only provide $50,000.00 of assistance. See Exhibit "7";

10. On or about June 29, 2023, Debtor informed counsel that she had given up on attempting to sell the house since her husband is on the deed and he will not agree to sign to sell the house;

11. On October 11, 2023, Debtor's counsel met with Debtor to execute the documents to convert to Chapter 7.

e. Admitted in part and denied in part. See response to paragraph d.

19. Denied.

**WHEREFORE**, Debtor respectfully requests that the United States Trustee's Motion be denied.

Respectfully submitted,

Gary J. Imblum
Attorney I.D. No. 42606
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
Attorney for Debtor

DATED: 1/22/2024

## CERTIFICATION OF SERVICE

I, Carol V. Shay, Paralegal, do hereby certify that I have served a copy of the foregoing DEBTOR'S RESPONSE TO THE UNITED STATES TRUSTEE FOR REVIEW OF PROFESSIONAL FEES OF DEBTOR'S COUNSEL upon the following persons by E-Service or by United States Mail, first class, postage prepaid, at Harrisburg, Dauphin County, Pennsylvania, addressed to:

JOSEPH P. SCHALK, ESQUIRE
OFFICE OF THE UNITED STATES TRUSTEE
VIA E-SERVICE

                                      IMBLUM LAW OFFICE, P.C.

                                      *Carol V. Shay*
                                      Carol V. Shay, Paralegal
                                      4615 Derry Street
                                      Harrisburg, PA 17111
                                      (717) 238-5250
                                      Fax No. (717) 558-8990
                                      gary.imblum@imblumlaw.com
                                      For Debtor

DATED: 1/22/2024